IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE J. HORTON, JR., | ) |
| Plaintiff, | ) Case No. 09 C 5969 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| NANCY K. SCHULTZ, AIR SERV CORP., | ) |
| MARY M. FLAHERTY, NANCY J. MALES, | ) |
| MICHAEL MALES, R.F. WHALEN, | ) |
| UNKNOWN OFFICERS OF THE CHICAGO | ) |
| POLICE DEPARTMENT, and | ) |
| CITY OF CHICAGO | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff George J. Horton ("Horton") filed a ten count Complaint against Defendants Mary M. Flaherty, Nancy J. Males, Michael Males, R.F. Whalen ("Whalen"), Unknown Officers of the Chicago Police Department (collectively the "Officers"), the City of Chicago (the "City"), Nancy K. Schultz ("Schultz") and Air Serv Corporation ("Air Serv") alleging violations of his Fourth and Fourteenth Amendment rights and bringing various supplemental state law claims. The Defendants have filed three separate Motions to Dismiss.[1] For the reasons set forth below, the Officers' and the City's Motion to Dismiss is granted with respect to Horton's federal claims and dismissed for lack of jurisdiction with respect to his state law claims. Schultz's Motion to Dismiss is similarly granted in part and dismissed for lack of jurisdiction in part. Air Serv's Motion to Dismiss is dismissed for lack of jurisdiction.

---

[1] Defendant Whalen joined the Motion to Dismiss filed by the other Officers and the City by oral motion on January 27, 2010.

## STATEMENT OF FACTS

The following facts are taken from Horton's Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

The arrest underlying this lawsuit occurred on May 1, 2008. (Compl. ¶¶ 10, 19.) At that time, Horton, who is African-American, was employed by Air Serv as a cargo handler at O'Hare International Airport. (Compl. ¶¶ 10, 11, 45.) Horton and Schultz, his supervisor, had a disagreement over Horton's work orders for the day in question, which escalated when Schultz "suddenly lunged at [Horton], grabbing him at the neck and shaking him." (Compl. ¶¶ 13-15.) Horton left the work area in order to turn in his identification badge (apparently in order to end his employment with Air Serv). (Compl. ¶ 17.) As he left, Horton told Schultz that he "would be seeking legal action," in response to which Schultz falsely stated that Horton had hit her. (Compl. ¶ 18.)

The Officers, all of whom are Caucasian and at least some of whom are "friends or friendly acquaintances" of Schultz, responded to the scene.[2] *(See* Compl. ¶¶ 20, 45.) Schultz swore a criminal complaint for battery against Horton, alleging that she had received a scratch on her pinky finger as a result of his battery. (Compl. ¶ 21.) The Officers did not question other witnesses about the incident. (Compl. ¶ 20.) Horton was then arrested and charged with criminal battery, and was detained for an unspecified period of time post-arrest. (Compl. ¶¶ 22-23.) Horton was eventually found not guilty of battery following a jury trial. (Compl. ¶ 27.)

---

[2] The Complaint states that Whalen "approved the arrest and prosecution" of Horton, but it is unclear whether Whalen was among the responding officers. (*See* Am. Compl. ¶¶ 19-20.)

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.*

## DISCUSSION

Counts I, II, and III of the Complaint bring constitutional civil rights claims against Officers for false arrest, failure to investigate, and unlawful detention, respectively. Count IV brings a claim of conspiracy to violate Horton's civil rights pursuant to 42 U.S.C. § 1985 against Defendant Officers and Schultz; Count V brings a similar conspiracy claim pursuant to 42 U.S.C. § 1983. The remainder of the Counts of the Complaint bring a variety of Illinois state law claims under the Court's supplemental jurisdiction. However, the Defendants have moved to dismiss all of the Counts arising under the Court's subject matter jurisdiction, and 28 U.S.C. § 1367 allows the Court to decline to exercise supplemental state law jurisdiction if the Court dismisses "all claims over

which it has original jurisdiction." Thus, the Court first analyzes the Defendants' Motions to Dismiss Horton's constitutional civil rights claims.

**I. The Officers' Motion to Dismiss Counts I, II, IV, and V**

The Officers move to dismiss Counts I, II, IV, and V on the grounds that Horton's allegations establish that the Officers had probable cause to arrest him, and that they cannot therefore be held liable for false arrest, failure to investigate, or conspiracy to violate Horton's civil rights.[3]

   A. <u>The Officers' Motion to Dismiss: Counts I and II</u>

A plaintiff may plead himself out of court "by pleading facts that establish an impenetrable defense to [his] claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Defendants may use unnecessary facts provided in a complaint to demonstrate that the plaintiff is not entitled to relief if all facts alleged are assumed to be true. *See id.* The Officers argue that this has occurred here, because Horton has alleged facts, primary among them the existence of a sworn criminal complaint of battery, that establish probable cause and thus bar Horton's wrongful arrest, malicious prosecution, and related claims.

"Probable cause to arrest is an absolute defense to any claim . . . for wrongful arrest, false imprisonment, or malicious prosecution" even if defendant officers are alleged to have acted maliciously or for a racially-biased reason. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Officers have probable cause to arrest an individual if the facts available at the time of the arrest are sufficient to allow a reasonable person to believe that the individual has committed, is committing, or is about to commit an offense. *See Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir.

---

[3] The Officers present the same argument in regards to Count VIII, which presents a state-law claim for malicious prosecution. As discussed below, however, the Court relinquishes its jurisdiction over Horton's supplemental state law claims, and thus does not decide the Officers' or the City's Motion to Dismiss Count VIII on the merits.

4

2004). An identification or report from a credible victim or eyewitness, without more, can provide a basis for probable cause. *See Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000). An arresting officer who has "received information from a reasonably credible victim or eyewitness" need not conduct additional information before making an arrest, "even if sound police technique would have required such further investigation." *Id.* at 997.

Here, Horton's allegations, once assumed to be true, are by themselves sufficient to demonstrate that the Officers had objectively reasonable probable cause to arrest Horton. A reasonable officer could have found Schultz's allegations and sworn criminal complaint to be credible, particularly given her demonstrated injury, her position as a supervisor, and Horton's admitted departure from the scene of the incident.[1] *See Mustafa*, 442 F.3d at 549 (a complainant in a managerial position is a "reasonably credible witness"). As noted above, the Officers had no duty to investigate further, even if such investigation might have been desirable given the totality of the circumstances. Thus, Horton's argument that the Officers should have interviewed other witnesses is unavailing and his "failure to investigate" claim fails as a matter of law.

Because Horton's Complaint demonstrates that the Officers had probable cause to arrest Horton, his claims of false arrest and failure to investigate cannot be sustained against the Officers. Counts I and II are therefore dismissed with prejudice as to the Officers.[2]

---

[1] Horton argues that full discovery is warranted on the question of whether Schultz was a credible complainant. However, the facts alleged in the Complaint are sufficient to demonstrate that she was "reasonably credible" as a matter of law, which is all that is necessary to support a finding of probable cause. Thus, there is no reason to burden the parties with the conduct of full discovery in order to reach a conclusion that is evident from the facts of the Complaint.

[2] Horton's response to the Motion to Dismiss requests leave of the Court to amend his Complaint in order to conform to the Court's ruling on the Motion. Leave to amend may be denied where any amendment would be futile or in bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). It does not seem possible for Horton to make good-faith amendments to his Complaint that would erase the allegations establishing probable cause, and thus, leave to amend is denied as to Counts I and II.

B.  The Officers' Motion to Dismiss: Count III

Count III alleges that Horton's post-arrest release from detention was delayed unreasonably because he "should have been released on a non-secured bond as pre-set by Supreme Court rule in the amount of time it would reasonably take to process him . . . ." No allegations are made in the Complaint as to the exact length of time for which he was detained, and no specific identification of the purported "Supreme Court rule" is provided.

Even if the Court were to liberally construe Count III and find that its vague allegations state a viable claim for unlawful detention, the Count would fail as to the Officers. A defendant is only liable under § 1983 if he or she was personally involved in the constitutional violation. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). Arresting officers are not responsible for an arrestee's detention after they have turned the individual over to jailers at the police station. *See Tibbs v. City of Chicago*, 469 F.3d 661, 665 (7th Cir. 2006). No allegations are made that connect the Officers, who apparently merely arrested Horton, to anything that happened post-arrest, including the length of his detention or the terms of his bond. Horton's response to Defendants' Motion to Dismiss does not address this lack of personal involvement, instead arguing that he should have been released with no posting of any bond. Even if he is correct, an issue that the Court does not decide, Count III still does not state a claim against the named Officers for failure to release him in a timely fashion, because he does not adequately allege that they were personally involved in that process or decision. Accordingly, Count III is dismissed without prejudice for failure to state a claim upon which relief may be granted.

### C. The Officers' Motion to Dismiss: Counts IV and V

Since the dismissal of Counts I and II means that Horton cannot state a claim for a constitutional violation against Defendant Officers, he also cannot state a claim under either 42 U.S.C. § 1983 or § 1985 that they conspired to violate his constitutional rights with respect to the false arrest and failure to investigate claims. *See Reynolds v. Jamison*, 488 F.3d 756,764 (7th Cir. 2007) (Section 1983 conspiracy claim depends upon the viability of the underlying constitutional claim); *Indianapolis Minority Contractors Ass'n, Inc. v. Wiley*, 187 F.3d 743, 754 (7th Cir. 1999) (Section 1985 conspiracy claim cannot be maintained without an underlying violation of constitutional rights). However, because Count III is dismissed without prejudice, Counts IV and V must therefore also be dismissed without prejudice as any potential claim that the Officers conspired to violate Horton's constitutional rights by detaining him for an unlawful period of time.

Horton's request for leave to amend his Complaint in order to remedy pleading deficiencies is granted as to Counts III, IV, and V, but the Complaint may only be amended if Horton is able to allege that the Officers had personal involvement in his allegedly unlawful detention.

## II. Schultz's Motion to Dismiss Counts IV and V

Schultz filed a partial Motion to Dismiss in which she adopts the Officers' Motion to Dismiss Counts IV and V. Count IV alleges, pursuant to 42 U.S.C. § 1985, that the Officers and Schultz, motivated by racial animus, conspired to violate Horton's constitutional rights. Count V alleges, pursuant to 42 U.S.C. § 1983, that the Officers and Schultz are liable for conspiracy to violate Horton's civil rights.

As noted above, a claim under § 1985 cannot be maintained where there is no underlying deprivation of a plaintiff's civil rights. *See id.* Because Horton's arrest did not violate his

constitutional rights, and because Horton has not adequately stated a claim that his rights were violated with respect to the length of his detention, Count IV is dismissed without prejudice. However, while a § 1985 conspiracy claim can be brought against a private actor who acts in concert with state actors, a § 1983 conspiracy claim can only be brought against state actors. *See Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007). Thus, even if Horton is able to amend Count III to state a claim for unlawful detention, and therefore able to state a claim for conspiracy under § 1985, he may not state a claim under § 1983 against Schultz. Count V is therefore dismissed with prejudice as to Schultz.

### III. Supplemental State Law Jurisdiction

Because the Court has granted Defendants' Motions to Dismiss on each of Horton's claims that give rise to federal subject matter jurisdiction, the Court declines to exercise jurisdiction over his remaining state law claims at this time. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) (district court should consider dismissing supplemental state law claims following a Rule 12(b)(6) dismissal of federal claims). District courts may decline to exercise supplemental jurisdiction over state law claims after dismissing all federal claims in a case. *See* 28 U.S.C. § 1367(c)(3). Indeed, "when all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir.2008); *see also Wright v. Associated Ins. Co., Inc.*, 29 F.3d 1244, 1251 (7th Cir.1994) (when "all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits"). The Court finds this course of action prudent at this time, and dismisses Horton's supplemental state law claims without prejudice.

Accordingly, the remainder of the Motions to Dismiss filed by the Officers, the City, and Schultz are dismissed for lack of jurisdiction to decide the merits of the argued state law claims. Defendant Air Serv's Motion to Dismiss, which depends entirely upon state law claims, is also dismissed for lack of jurisdiction.

## CONCLUSION AND ORDER

Counts I and II are dismissed with prejudice, because the allegations of Horton's Complaint demonstrate that the Officers had probable cause to arrest him for criminal battery. Counts III and IV are dismissed without prejudice. Count V is dismissed without prejudice as to the Officers, but with prejudice as to Schultz. The remaining Counts are dismissed for lack of jurisdiction, as the Court declines to exercise supplemental state law jurisdiction after dismissing Horton's federal claims. Schultz's counterclaim, which raises a state law claim of battery, is also dismissed for lack of jurisdiction. Horton may amend his Complaint in order to state a claim in Counts III, IV, and V, but must do so within 14 days of this Order; after that time the dismissal of Counts III, IV, and V will become with prejudice. If such an Amended Complaint is filed and re-asserts some or all of Horton's supplemental state law claims, Defendants may refile their Motions to Dismiss the state law claims.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: April 16, 2010